UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80044-CIV-DIMITROULEAS/MATTHEWMAN

SCOTT MICHAEL LILLEY,

    Plaintiff,

vs.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

FILED BY ___KJZ___ D.C.

Dec 28, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PLAINTIFF'S PETITION FOR EAJA FEES [DE 20]

**THIS CAUSE** is before the Court upon Plaintiff, Scott Michael Lilley's ("Plaintiff") Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) and Request for Hearing ("Motion") [DE 20]. The Motion was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. [DE 21]. Defendant, Andrew M. Saul, Commissioner of Social Security ("the Commissioner"), has filed a response [DE 22], and no timely reply was filed. This matter is ripe for review.

### I. BACKGROUND

On July 13, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging May 16, 2016, as the disability onset date. [DE 16, p. 2]. Plaintiff's initial claim was denied on November 10, 2016, and upon reconsideration on February 27, 2017. *Id.* After holding multiple hearings, on October 10, 2019, the ALJ issued a decision, finding that Plaintiff was not disabled through the date of the decision. *Id.* On November 22, 2019, the Appeals Council denied Plaintiff's request for review. *Id.*

1

On January 14, 2020, Plaintiff filed a Complaint with this Court. *Id.* On July 17, 2020, Plaintiff filed his Motion for Summary Judgment [DE 16], arguing that the ALJ's decision in denying the disability application should be reversed and remanded. *Id.* On August 18, 2020, Judge Dimitrouleas granted the Commissioner's Unopposed Motion to Remand [DE 17], remanded to the Commissioner under Sentence Four of 42 U.S.C. § 405(g), and entered Final Judgment in favor of Plaintiff and against the Commissioner. [DE 18]. Thereafter, Plaintiff filed the pending Motion.

The Court has carefully reviewed the Motion, the attached Affidavit and Memorandum, and the Commissioner's response. Plaintiff is seeking an award of attorney's fees in the amount of $8,311.87, costs in the amount of $400.00, expenses in the amount of $ $20.70, and paralegal fees in the amount of $12.00. [DE 20, p. 1]. Plaintiff asserts that he has met the burden necessary to receive EAJA fees because Plaintiff's net worth did not exceed $2,000,000.00 when this Court entered an Order remanding this matter back to the Commissioner for further administrative proceedings, judgment was entered, Plaintiff has prevailed, and the Commissioner's position was not substantially justified. *Id.* at pp. 2-3.

Plaintiff also contends that the hourly EAJA fee can be adjusted upwards for any month when the CPI was increased and requests an increase in the EAJA hourly rate in the amount of $206.25 for 2020. [DE 20, p. 3]. According to Plaintiff, his counsel, Mark Zakhvatayev, spent 38 hours preparing this case for presentation before this Court and spent 2.30 hours for the preparation of the fee petition, for a total of 40.30 hours. *Id.* Finally, Plaintiff represents that, since his fee contract includes an EAJA assignment, the parties agree that, after the Court issues an Order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the Government; if the U.S. Department of the Treasury determines that Plaintiff does not owe

2

a federal debt, the Commissioner will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. *Id.*

## II.     ENTITLEMENT TO ATTORNEY'S FEES

This dispute is governed by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA states in pertinent part:

> "[A] court shall award to a prevailing party other than the United States" a reasonable attorney's fee and costs "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

*See Taylor v. Heckler*, 778 F. 2d 674, 675 (11th Cir. 1985) (quoting 28 U.S.C. § 2412(d)(1)(A)). Under the EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d); *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018).

The law is clear that a plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Moreover, an EAJA request is timely if it is made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). Here, the Court entered the Order for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to Defendant [DE 18] on August 18, 2020.  The Motion was filed on November 11, 2020.

3

Thus, it is timely.

Next, an EAJA motion must allege that the Commissioner's position was not substantially justified, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990), and then the Commissioner bears the burden to show that it was, *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Here, the Motion alleges that the Commissioner's position was not substantially justified, and the Commissioner does not attempt to show otherwise. In this regard, the Commissioner has not met his burden.

Finally, Plaintiff has asserted in the Motion that his net worth was less than $2 million when he filed the case [DE 20, p. 2], and the Commissioner does not attempt to show otherwise.

The Court, therefore, finds that the first four conditions are met, and no special circumstances would make the award of fees unjust. Thus, Plaintiff is entitled to receive an EAJA award.

### III.     REASONABLENESS OF ATTORNEY'S FEES CLAIMED

Next, attorney's fees requested pursuant to the EAJA must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that …attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A reasonable hourly rate is the prevailing market rate in the "relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Holsey v. Comm'r of Soc. Sec. Admin.*, No. 3:14-cv-938-J-PDB, 2015 WL 8479301, *2 (M.D. Fla. Dec. 10. 2015).

#### A. Hourly Rate

Plaintiff asserts that his attorney's hourly rate of $206.25 is reasonable as there has been

an increase in the cost of living since the amendment to the EAJA took effect on March 29, 1996, and a cost of living increase is specifically mentioned in the EAJA as a factor justifying a fee greater than $125.00 per hour. [DE 20, pp. 2-3]. Based on the Court's own knowledge and expertise in the award of attorney's fees, the Court finds that the hourly rate sought—which accounts for applicable cost of living adjustments, 28 U.S.C. § 2412(d)(2)(A)(ii)—is in full accord with applicable statutory standards. According to the attestations in his Affidavit, Mark Zakhvatayev, Esq., has been practicing law since 2010, has handled several hundred Social Security Disability hearings, and has prepared hundreds of Appeals Council briefs. He is clearly experienced in the field of social security appeals. Finally, the Court notes that the Commissioner does not object to the hourly rate sought by Plaintiff's counsel.

Plaintiff is also requesting an hourly rate of $60 per hour for a paralegal. The Court finds this rate to be reasonable and notes that the Commissioner does not object to the rate.

### B. Hours Expended

With regard to the hours expended, Plaintiff's counsel's Affidavit includes detailed descriptions of the services performed and the time spent on each service. [DE 20]. Plaintiff's counsel billed a total of 38 hours through August 2020 and then spent another 2.3 hours, plus 0.20 hours in paralegal time, preparing the fee petition. *Id.* In Plaintiff's Memorandum, he requests a hearing on the matter and argues that time spent was reasonable because this case involved a large transcript of 3,194 pages, and counsel took the Plaintiff's case after it was denied at the administrative level; thus, counsel had to familiarize himself with the case from scratch. [Memorandum, p. 11, DE 20]. Plaintiff also alleges that the Commissioner has failed to comply with the requirements of Local Rule 7.l(a)(3) to negotiate in good faith. *Id.* at p. 12. Finally, Plaintiff asserts that the average attorney spends 20-40 hours working on Social Security cases,

and, in this case, counsel expended 40.3 hours, which is on the slightly higher side of that range and is reasonable given the facts of this particular case. *Id.* at pp. 12-13.

In response, the Commissioner argues that Plaintiff should be awarded no more than 30 hours of attorney time. [DE 22, p. 10]. He contends that the number of hours expended is not reasonable given the nature of the issues and the extensive experience of Plaintiff's attorney. *Id.* at p. 1. The Commissioner explains that the hours claimed by Plaintiff's counsel exceed those courts commonly find to be reasonable in Florida, and he distinguishes the cases cited by Plaintiff in part because they are from outside of this District. *Id.* at pp. 2-4. According to the Commissioner, Plaintiff's attorney has not met his burden of justifying why his claimed hours exceed those commonly awarded. *Id.* at p. 3. The Commissioner points out that, while the transcript is voluminous, it contains repetitive VA records and medical evidence. *Id.* at p. 4. Moreover, "Plaintiff cited in the argument almost entirely to the transcript of the few pages consisting of the examination of the VE at the administrative hearing and to a few pages consisting of a single consultative examination report in the record." *Id.* The Commissioner also emphasizes that Plaintiff's brief contained only 12 pages of argument, some of which was a cut-and-paste argument that Plaintiff's counsel has made many, many times before. *Id.*

The Commissioner also cites to other cases where Plaintiff's counsel's law firm's attorney's fees were reduced. [DE 22, pp. 5-6]. He also points out that, pursuant to the applicable case law, time billed for "reviewing standing orders, notices entered in every Social Security case, or documents that were otherwise minimal in length is excessive and no compensation should be awarded." *Id.* at p. 7. Finally, the Commissioner argues that Plaintiff has failed to sufficiently support his request for attorney's fees incurred preparing the EAJA petition because the time sheet provides no date for when those tasks were performed and fails specify who performed them. *Id.*

at pp. 7-8. The Commissioner additionally alleges that the "EAJA petition prepared by Plaintiff's attorney is stock language slightly modified to personalize the petition for Plaintiff's specific case. It is almost identical to another recently filed (September 2019) EAJA petition in a Middle District of Florida case in which the plaintiff, through the same attorneys who represents Plaintiff in this case, also requested 2.3 hours overall for the EAJA petition." *Id.* at p. 8.

As an initial matter, the Court finds that a hearing is wholly unnecessary on the reasonableness of the hours billed. The parties have clearly briefed their positions, and the Court is experienced in handling attorney's fee disputes in social security appeals and in a myriad of other types of cases

The primary task required in this case was the drafting of a motion for summary judgment. Counsel spent approximately 34 hours on the motion for summary judgment. This Court recognizes that researching case law, reviewing the record, and then drafting the motion for summary judgment can be time-consuming. However, the Court also notes that, while the record in this case was lengthy, it contained many repetitive medical records and many records that were not relevant to Plaintiff's summary judgment arguments. Moreover, it seems clear that Plaintiff's counsel worked from a template that he has used in many other cases.

The Court also notes that Plaintiff claims 0.1 hours to review each of the case's various docket filings. While the time was billed in small increments, this added up to 0.7 hours. Finally, this Court notes that the attorney billed 1.5 for advising Plaintiff about the underlying administrative decisions. That work predates this litigation.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

(citing *Loranger v. Stierheim,* 10 F.3d 776, 783 (11th Cir. 1994)). Here, the undersigned finds that an across-the-board reduction is appropriate in this case but will not cut the hours sought to 30 hours as requested by the Commissioner. Rather, the undersigned **RECOMMENDS** that a 15% reduction from the amount sought by Plaintiff is appropriate and reasonable. In this case, the Court finds that the time billed is somewhat excessive based on the facts and arguments and such a reduction is necessary. Therefore, the undersigned also **RECOMMENDS** that Plaintiff be awarded a total of $7,065.09 in attorney's fees.

## IV.  EXPENSES AND COSTS

Plaintiff is also seeking reimbursement of expenses in the amount of $20.70 (three certified mail fees at $6.90 each), paralegal fees in the amount of $12.00, and costs in the amount of $400.00. The EAJA authorizes the award of costs and expenses. *See Peardon v. Comm'r of Soc. Sec.*, No. 616CV219ORL41GJK, 2017 WL 3917615, at *2 (M.D. Fla. Aug. 24, 2017), *report and recommendation adopted*, No. 616CV219ORL41GJK, 2017 WL 3896445 (M.D. Fla. Sept. 6, 2017); *Davis v. Apfel*, 6:98-CV-651-ORL-22A, 2000 WL 1658575, at *4 (M.D. Fla. Aug. 14, 2000). The expenses and costs sought here are reasonable and should be awarded to Plaintiff.

## V.  ASSIGNMENT OF FEES AND COSTS

Since Plaintiff has assigned any fees awarded under EAJA to his attorney, if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, any remaining EAJA fees should be sent directly to Plaintiff's counsel.

## VI.  CONCLUSION

In light of the foregoing, the undersigned **RECOMMENDS** that the District Judge GRANT IN PART AND DENY IN PART Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) and Request for Hearing [DE 20]. The undersigned RECOMMENDS that the District

Judge award Plaintiff $7,065.09 in attorney's fees, $20.70 in expenses, $12.00 in paralegal fees, and $400.00 in costs. The undersigned RECOMMENDS that the balance of the Motion be denied. Finally, the undersigned RECOMMENDS that the Commissioner be given thirty (30) days from the date of District Court's Order to make the off-set determination and to deliver payment to Mr. Zakhvatayev.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 28th day of December, 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge