UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80044-CIV-DIMITROULEAS/MATTHEWMAN

SCOTT MICHAEL LILLEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

FILED BY ____SW____ D.C.

Apr 15, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S PETITION AND MEMORANDUM IN SUPPORT FOR REASONABLE ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) [DE 26]

**THIS CAUSE** is before the Court upon Plaintiff Scott Michael Lilley's ("Plaintiff") Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion") [DE 26], and Defendant Martin J. O'Malley, Commissioner of Social Security's Response to Plaintiff's Petition for Attorney's Fees Under 42 U.S.C. § 406(b) [DE 29]. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the Undersigned United States Magistrate Judge. *See* DE 27. The matter is now ripe for review.

### I.    BACKGROUND

On March 23, 2022, the Court remanded this case for further proceedings under sentence four of 42 U.S.C. § 405(g). [DE 18]. Plaintiff then filed a Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d) ("EAJA Motion") [DE 20], requesting $8,311.87 in attorney's fees, $400.00 in costs, $20.70 in expenses, and $12.00 in paralegal fees. *Id.* In the EAJA Motion, Plaintiff requested a $206.25 hourly rate for attorney Mark Zakhvatayev. *See id.* Defendant filed a

Response in Opposition [DE 22], opposing Plaintiff's motion because Plaintiff allegedly sought compensation for hours that were not reasonably expended. The Undersigned Magistrate Judge entered a Report and Recommendation on Plaintiff's EAJA Motion on December 28, 2020. [DE 23]. Defendant filed Objections [DE 24]. Thereafter, the District Judge entered an Order Approving in Part Report of Magistrate Judge; Sustaining Objections; Granting in Part Petitioner for EAJA Fees [DE 25]. Specifically, that Order stated that Plaintiff was entitled to $7,065.09 in attorney's fees, $20.70 in expenses, and $400.00 in costs. *Id.*

Now, Plaintiff has filed the instant Motion [DE 26], seeking $35,618.50 in attorney's fees "pursuant to 42 U.S.C. § 406(b)."

## II. THE MOTION AND RESPONSE

A. The Motion [DE 26]

Plaintiff's counsel "petitions the Court pursuant to 42 U.S.C. § 406(b) for authorization of attorney's fees for federal court representation in this case in the total amount of $35,618.50, which represents 25% of the Plaintiff's past-due Social Security disability benefits as per the attachment dated January 31, 2024." [DE 26 at 1–2]. Plaintiff's counsel claims that he spent 38 hours of time on this matter. *Id.* at 2. He explains that, "[i]f this Court awards attorney's fees under 42 U.S.C. 406(b), the fee will be subject to a dollar-for-dollar offset by previous attorney's fees awarded under the Equal Access to Justice Act ('EAJA') and the EAJA fee in the amount of $7,085.79[1] will be returned to the Plaintiff." *Id.* at 3. Plaintiff's counsel asserts that, "[c]onsidering the risk of loss and the years of representation without payment or interest, and because there was a substantial risk of loss in this complex case, the fee sought is justified by the results achieved and the contingent nature of the agreement." *Id.* at 17. According to counsel, this Court "should follow the lead of other courts awarding the full 25% as a 406(b) fee without a

---

[1] The Court previously awarded $7,065.79 in fees and not $7,085.79. *See* DE 25 at 2.

2

downward adjustment to a lower attorney fee to avoid a 'windfall.'" *Id.* He additionally points out that, "[w]ith the dollar-for-dollar offset," Plaintiff will actually pay $28,532.71 in attorney's fees, which is less than 25% of the past-due benefits. *Id.*

B. The Response [DE 29]

Because the real party-in-interest is Plaintiff's counsel and not Plaintiff himself, Defendant "neither supports nor opposes counsel's request for attorney's fees in the amount of $35,618.50, under 42 U.S.C. § 406(b)." [DE 29 at 1]. However, Defendant "requests that the Court order indicate the amount of any § 406(b) award it authorizes but decline to include language directing that the Commissioner 'pay' the award." *Id.* at 2. Rather, the Commissioner "requests that the Court specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." *Id.*

### III. ANALYSIS

Pursuant to 42 U.S.C. § 406(b)(1)(A):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). "Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's counsel may receive pursuant to the EAJA if the Commissioner's position before the Court was not 'substantially justified.'" *Highfield v. Kijakazi*, No. 19-cv-23803, 2022 WL 4449390, at *1 (S.D. Fla. Sept. 8, 2022), *report and*

*recommendation adopted sub nom. Highfield v. Comm'r of Soc. Sec.*, No. 19-23803-CIV, 2022 WL 4448250 (S.D. Fla. Sept. 23, 2022).

However, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the Social Security claimant's past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). In this regard, "[f]ee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (citation, internal quotation marks, and alteration omitted). And, "[a]lthough an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). Regardless, under section 406(b), the Court must still review any fees yielded by a contingency fee agreement for reasonableness. *Gisbrecht*, 535 U.S. at 808–09.

Here, the Court has already found Plaintiff entitled to an EAJA award. *See* DE 23; 25. Necessarily implicit in such finding is the corresponding finding that the Government's position was not substantially justified. *See* 28 U.S.C. § 2412(d). Thus, attorney's fees pursuant to section 406(b) may be awarded by the Court in addition to any attorney's fees received pursuant to the EAJA. *See Highfield*, 2022 WL 4449390, at *1.

The question, then, is whether the $35,618.50 sought by Plaintiff's counsel based on the contingency fee agreement is reasonable. On this matter, Plaintiff's counsel and Plaintiff entered into a "Federal Court 406(b) Fee and Cost Agreement" containing the following pertinent provision: "The Attorney and the Client both agree that the Attorney may charge 25% of

retroactive benefits pursuant to Sec. 406(b) subject to approval by the Court, representing work done before the Federal Court." [DE 26-2].

The Court has reviewed the contingency fee agreement [DE 26-2], and the time log of the Plaintiff's counsel [26-3]. The Court finds that the contingency fee agreement complies with 42 U.S.C. § 406(b)(1)(A), as the requested amount does not exceed 25% of Plaintiff's past-due benefits. Indeed, Plaintiff's counsel's request for $35,618.50 is appropriate under section 406(b), as the requested amount represents 25% of Plaintiff's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A). In fact, the Court notes that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). Thus, taking into account the dollar-for-dollar offset, it appears Plaintiff's counsel is actually seeking an amount that is *under* 25% of Plaintiff's past-due benefits.

Further, the Court finds that the amount requested is reasonable based upon the character of the representation and the results achieved. *See Gisbrecht*, 535 U.S. at 808 ("Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."). In this regard, the Court finds no delay on behalf of Plaintiff's counsel, and the Court finds the requested amount ($35,618.50) is not large in comparison to the amount of time spent by counsel on the case. *See id.* While Plaintiff's counsel previously received an hourly rate that was much lower under the EAJA, the Court does not find that the additional amount represents a windfall necessitating a downward adjustment. *See id.* In fact, Plaintiff's counsel cites to numerous other cases in which courts have

5

found high effective hourly rates to be reasonable when determining an attorney's fees award under section 406(b). *See* DE 26 at 18–20.

## IV. CONCLUSION

Based on the foregoing, the Undersigned United States Magistrate Judge **RECOMMENDS** that the District Judge enter an Order **GRANTING** Plaintiff's Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) [DE 26]; awarding Plaintiff's counsel $35,618.50 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1)(A), to be paid out of Plaintiff's past-due benefits in accordance with agency policy; and ordering that Plaintiff's counsel may either collect this amount and reimburse Plaintiff the $7,065.79 previously recovered in EAJA fees, or Plaintiff's counsel may deduct the $7,065.79 EAJA fees award amount from the $35,618.50 section 406(b)(1)(A) fees award, resulting in a total attorney's fees amount of $28,532.71, to be paid out of Plaintiff's past-due benefits.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 15th day of April, 2024.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge