UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80044-CIV-DIMITROULEAS/MATTHEWMAN

SCOTT MICHAEL LILLEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S PETITION AND MEMORANDUM IN SUPPORT FOR
REASONABLE ATTORNEY FEES PURSUANT TO
42 U.S.C. § 406(b) [DE 32]**

**THIS CAUSE** is before the Court upon the Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion") [DE 32] filed by attorney Mark V. Zakhvatayev, counsel for Plaintiff Scott Michael Lilley ("Plaintiff"). Defendant Acting Commissioner of Social Security has also filed a Response to Plaintiff's Petition for Attorney's Fees Under 42 U.S.C. § 406(b) [DE 34]. No Reply was timely filed. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the Undersigned United States Magistrate Judge. *See* DE 33. The matter is now ripe for review.

    **I.**    **BACKGROUND**

This case has a lengthy procedural history. On March 23, 2022, the Court remanded this case for further proceedings under sentence four of 42 U.S.C. § 405(g). [DE 18]. Plaintiff then filed a Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d) ("EAJA Motion") [DE 20], requesting $8,311.87 in attorney's fees, $400.00 in costs, $20.70 in expenses, and $12.00 in

1

paralegal fees. *Id.* In the EAJA Motion, Plaintiff requested a $206.25 hourly rate for attorney Mark V. Zakhvatayev. *See id.* Defendant filed a Response in Opposition [DE 22], opposing Plaintiff's motion because Plaintiff allegedly sought compensation for hours that were not reasonably expended. The Undersigned Magistrate Judge entered a Report and Recommendation on Plaintiff's EAJA Motion on December 28, 2020. [DE 23]. Defendant filed Objections [DE 24]. Thereafter, the District Judge entered an Order Approving in Part Report of Magistrate Judge; Sustaining Objections; Granting in Part Petitioner for EAJA Fees [DE 25]. Specifically, that Order stated that Plaintiff was entitled to $7,065.09 in attorney's fees, $20.70 in expenses, and $400.00 in costs. *Id.*

On February 15, 2024, Plaintiff filed his first Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) [DE 26]. The Undersigned entered a Report and Recommendation [DE 30], recommending that the District Judge enter an Order granting the Petition and awarding Plaintiff's counsel $35,618.50 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1)(A), to be paid out of Plaintiff's past-due benefits in accordance with agency policy. *Id.* at 6. The Undersigned also recommended that the District Judge order that

> Plaintiff's counsel may either collect this amount and reimburse Plaintiff the $7,065.79 previously recovered in EAJA fees, or Plaintiff's counsel may deduct the $7,065.79 EAJA fees award amount from the $35,618.50 section 406(b)(1)(A) fees award, resulting in a total attorney's fees amount of $28,532.71, to be paid out of Plaintiff's past-due benefits.

*Id.* Judge Dimitrouleas entered an Order Adopting and Approving Report and Recommendation of Magistrate Judge; Granting Petition for EAJA Fees [DE 31].

Now, Plaintiff has filed the instant Motion [DE 32], seeking an additional $17,061.75 in attorney's fees for federal court representation in this case pursuant to 42 U.S.C. § 406(b). The

2

Motion is directed at the fees for counsel's representation of Plaintiff's minor children[1] (and not for his representation of Plaintiff).

## II. THE MOTION AND RESPONSE

A. The Motion [DE 32]

Plaintiff's counsel "petitions the Court pursuant to 42 U.S.C. § 406(b) for authorization of attorney's fees for federal court representation in this case in the total amount of $17,061.75, which represents 25% of the Plaintiff's minor children's past-due Social Security disability benefits as per the attachment dated December 9, 2024." [DE 32 at 1]. Plaintiff's counsel claims that he spent 38 hours of time on this matter. *Id.* at 2. He explains that "[a]fter the undersigned counsel receives the 406(b) fee, the attorney fee paid out of past due benefits will be $17,061.75 which is less than 25 percent of past-due benefits of $68,247.00." *Id.* at 5. Counsel also summarizes his qualifications and effective representation and discusses the other relevant factors this Court must consider in awarding such fees. *Id.* at 14–19.

B. The Response [DE 29]

Because the real party-in-interest is Plaintiff's counsel and not Plaintiff himself, Defendant "neither supports nor opposes counsel's request for attorney's fees in the amount of $17,061.75, under 42 U.S.C. § 406(b)." [DE 34 at 1]. However, Defendant asserts that,

> if the Court agrees to counsel's request to award a net fee rather than require counsel to refund the EAJA fee received previously, the reasonableness determination of the section 406(b) fee request must be based on the full 406(b) fees sought rather than the net fee awarded after the offset.

*Id.* at 2. Defendant additionally "requests that the Order distinguish between the full amount determined as reasonable under section 406(b) and the net amount awarded for payment purpose." *Id.*

---

[1] Counsel refers to "minor children." However, the Notice of Award [DE 32-1] only seems to pertain to one child. For the sake of continuity, the Court will continue to refer to "children" herein as counsel did in his papers.

## III. ANALYSIS

Pursuant to 42 U.S.C. § 406(b)(1)(A):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). "Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's counsel may receive pursuant to the EAJA if the Commissioner's position before the Court was not 'substantially justified.'" *Highfield v. Kijakazi*, No. 19-cv-23803, 2022 WL 4449390, at *1 (S.D. Fla. Sept. 8, 2022), *report and recommendation adopted sub nom. Highfield v. Comm'r of Soc. Sec.*, No. 19-23803-CIV, 2022 WL 4448250 (S.D. Fla. Sept. 23, 2022).

However, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the Social Security claimant's past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). In this regard, "[f]ee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (citation, internal quotation marks, and alteration omitted). And, "[a]lthough an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). Regardless, under section 406(b), the Court must still

review any fees yielded by a contingency fee agreement for reasonableness. *Gisbrecht*, 535 U.S. at 808–09.

Here, the Court has already found Plaintiff entitled to an EAJA award. *See* DE 23; 25. Necessarily implicit in such finding is the corresponding finding that the Government's position was not substantially justified. *See* 28 U.S.C. § 2412(d). Thus, attorney's fees pursuant to section 406(b) may be awarded by the Court in addition to any attorney's fees received pursuant to the EAJA. *See Highfield*, 2022 WL 4449390, at *1.

The question, then, is whether the $17,061.75 sought by Plaintiff's counsel tied to "Plaintiff's minor children's past-due Social Security disability benefits" and based on the contingency fee agreement is reasonable. On this matter, Plaintiff's counsel and Plaintiff entered into a "Federal Court 406(b) Fee and Cost Agreement" containing the following pertinent provision: "The Attorney and the Client both agree that the Attorney may charge 25% of retroactive benefits pursuant to Sec. 406(b) subject to approval by the Court, representing work done before the Federal Court." [DE 32-2]. It should be noted that this is the exact same contingency fee agreement that Plaintiff relied on for his previous Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) [DE 26]. The contingency fee agreement does not even mention Plaintiff's minor children. The Court has also reviewed the time log of Plaintiff's counsel [32-3]. The time log is identical to the time log filed with the previous Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) [DE 26-3].

The Undersigned finds the Motion to be very problematic. First, Plaintiff's counsel has already recovered 406(b) fees in this case as to Plaintiff and is now seeking to recover additional 406(b) fees as to Plaintiff's minor children. In doing so, he is relying on the exact same

5

contingency fee agreement and the exact same time log. In other words, counsel is conceding that he did no additional work specifically aimed at the minor children's claim. Second, the fees sought here by counsel come from the monies due to the minor children. The Court has a duty to carefully scrutinize any request to deplete monies owing to needy minor children.

Third, the Court is particularly concerned that there is no mention of the prior section 406(b) award in Plaintiff's papers and that Plaintiff's Motion cites no case law which supports such double recovery. The Court is quite troubled by Plaintiff's counsel's omissions. Fourth, the Court is concerned that Plaintiff's counsel, Mark V. Zakhvatayev, may not be entitled to the additional fees sought and has not, at this point, provided full and complete information to the Court about prior fee awards in this case, the distribution of those monies, or the propriety of what counsel is seeking here. Fifth, the Court is concerned as to whether an additional fee award as sought by Plaintiff's counsel would constitute a windfall at the expense of the minor children. Finally, large portions of the Motion are copied and pasted from the prior Petition, which is a practice not condoned by this Court.

In light of the foregoing, the Court finds that, in light of the current record, the additional $17,061.75 amount requested is unreasonable based upon the character of the representation and the results achieved. *See Gisbrecht*, 535 U.S. at 808 ("Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."). Counsel has already either received $35,618.50 and reimbursed Plaintiff the $7,065.79 previously recovered in EAJA fees, or counsel has deducted the $7,065.79 EAJA fees award amount from the $35,618.50 section 406(b)(1)(A) fees award, resulting in a total attorney's fees amount of $28,532.71, which would have been paid out of

Plaintiff's past-due benefits. Counsel simply has not established that he is entitled to another $17,061.75 in fees on top of what he has already received.

## IV. CONCLUSION

Based on the foregoing, the Undersigned United States Magistrate Judge **RECOMMENDS** that the United States District Judge enter an Order **DENYING** Plaintiff's Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) [DE 232]. The Undersigned also RECOMMENDS that such denial be made without prejudice to counsel's ability to file a timely amended petition, within 15 days of the District Judge's Order on this Report and Recommendation, containing the following information: a) full disclosure of all prior fee awards he has received related to this case; b) full disclosure of all payments made or received by Plaintiff and Plaintiff's counsel related to this case; c) full legal and factual support for the monies Plaintiff's counsel is seeking in full compliance with Federal Rule of Civil Procedure 11(b); d) sufficient argument and evidence as to why the fees sought are reasonable; e) sufficient argument establishing why counsel should be able to recover twice for the same work; f) legal authority (or an accurate representation that none exists) which supports the requested additional fee award sought by Plaintiff's counsel; g) sufficient argument as to whether the fee award sought would constitute a windfall to counsel at the expense of the minor children; and h) argument addressing the reasonableness of the 406(b) fee request based on the full amount of the 406(b) fees sought and not just the net fee after the offset.

If the District Judge does opt to deny the Motion without prejudice, as recommended herein, it also RECOMMENDED that any amended petition would be deemed timely filed so long as it is filed no later from 15 days of the District Judge's order on this Report and Recommendation.

**NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 24th day of January 2025.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge