UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80044-CIV-DIMITROULEAS/MATTHEWMAN

SCOTT MICHAEL LILLEY,

      Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

FILED BY _____ SW _____ D.C.

**Apr 22, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S AMENDED SECOND PETITION AND MEMORANDUM IN SUPPORT FOR REASONABLE ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) [DE 38]

**THIS CAUSE** is before the Court upon the Amended Second Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion") [DE 38] filed by attorney Mark V. Zakhvatayev, counsel for Plaintiff Scott Michael Lilley ("Plaintiff"). Defendant Acting Commissioner of Social Security has filed a Response to Plaintiff's Second Amended Petition for Attorney's Fees Under 42 U.S.C. § 406(b) [DE 43]. No Reply was timely filed. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the Undersigned United States Magistrate Judge. *See* DE 40. The matter is now ripe for review.

### I.      BACKGROUND

This case has a lengthy procedural history. On March 23, 2022, the Court remanded this case for further proceedings under sentence four of 42 U.S.C. § 405(g). [DE 18]. Plaintiff then filed a Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d) ("EAJA Motion") [DE 20],

requesting $8,311.87 in attorney's fees, $400.00 in costs, $20.70 in expenses, and $12.00 in paralegal fees. *Id.* In the EAJA Motion, Plaintiff requested a $206.25 hourly rate for attorney Mark V. Zakhvatayev. *See id.* Defendant filed a Response in Opposition [DE 22], opposing Plaintiff's motion because Plaintiff allegedly sought compensation for hours that were not reasonably expended. The Undersigned Magistrate Judge entered a Report and Recommendation on Plaintiff's EAJA Motion on December 28, 2020. [DE 23]. Defendant filed Objections [DE 24]. Thereafter, the District Judge entered an Order Approving in Part Report of Magistrate Judge; Sustaining Objections; Granting in Part Petitioner for EAJA Fees [DE 25]. Specifically, that Order stated that Plaintiff was entitled to $7,065.09 in attorney's fees, $20.70 in expenses, and $400.00 in costs. *Id.*

On February 15, 2024, Plaintiff filed his first Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) [DE 26]. The Undersigned entered a Report and Recommendation [DE 30], recommending that the District Judge enter an Order granting the Petition and awarding Plaintiff's counsel $35,618.50 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1)(A), to be paid out of Plaintiff's past-due benefits in accordance with agency policy. *Id.* at 6. The Undersigned also recommended that the District Judge order that

> Plaintiff's counsel may either collect this amount and reimburse Plaintiff the $7,065.79 previously recovered in EAJA fees, or Plaintiff's counsel may deduct the $7,065.79 EAJA fees award amount from the $35,618.50 section 406(b)(1)(A) fees award, resulting in a total attorney's fees amount of $28,532.71, to be paid out of Plaintiff's past-due benefits.

*Id.* Judge Dimitrouleas entered an Order Adopting and Approving Report and Recommendation of Magistrate Judge; Granting Petition for EAJA Fees [DE 31].

On December 23, 2024, Plaintiff filed a Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) [DE 32], seeking an additional

$17,061.75 in attorney's fees for federal court representation in this case. That petition was directed at the fees for counsel's representation of Plaintiff's minor children (and not for his representation of Plaintiff). On January 24, 2025, the Undersigned issued a Report and Recommendation [DE 35] recommending that the petition be denied without prejudice to counsel's ability to file a timely amended petition containing the following information:

> a) full disclosure of all prior fee awards he has received related to this case; b) full disclosure of all payments made or received by Plaintiff and Plaintiff's counsel related to this case; c) full legal and factual support for the monies Plaintiff's counsel is seeking in full compliance with Federal Rule of Civil Procedure 11(b); d) sufficient argument and evidence as to why the fees sought are reasonable; e) sufficient argument establishing why counsel should be able to recover twice for the same work; f) legal authority (or an accurate representation that none exists) which supports the requested additional fee award sought by Plaintiff's counsel; g) sufficient argument as to whether the fee award sought would constitute a windfall to counsel at the expense of the minor children; and h) argument addressing the reasonableness of the 406(b) fee request based on the full amount of the 406(b) fees sought and not just the net fee after the offset.

*Id.* at 7. Plaintiff filed objections [DE 36], and then Judge Dimitrouleas denied as moot the Report and Recommendation and permitted Plaintiff to file a second petition. [DE 37].

Now, Plaintiff has filed the instant Motion [DE 38], again seeking an additional $17,061.75 in attorney's fees for federal court representation in this case pursuant to 42 U.S.C. § 406(b). Plaintiff claims that this amount represents "25% of the Plaintiff's minor children's past due Social Security disability benefits as per the attachments dated December 9, 2024." *Id.* at 1.

## II. <u>THE MOTION AND RESPONSE</u>

A. <u>The Motion [DE 38]</u>

In the Motion, Plaintiff's counsel lays out the attorney's fees, costs, and expenses previously collected by counsel and his firm in this case. [DE 38 at 3–6]. Counsel also summarizes the retroactive benefits and attorney's fees collected by Plaintiff and his family. *Id.*

at 6–7. Counsel argues that "[a]n award of benefits to the plaintiff essentially resulted in an automatic award of benefits to his minor children as a part of 'package of benefits.'" *Id.* at 8. Thus, "[b]ecause an award of benefits to the Plaintiff results in an essentially automatic award of benefits to the Plaintiff's minor children, no separate work on the part of the Plaintiff's counsel is required, so long as the amount of the fee requested is reasonable." *Id.* Counsel further contends that he had to make two separate requests to the Court for attorney's fees for the same work because notices of award are issued at different times, and counsel wanted to ensure that his requests for 406(b) fees were timely made. *Id.* at 8–9. He acknowledges that the fee agreement does not state that the benefits include the benefits of the minor children but argues that this is not dispositive under the applicable law. *Id.* at 9 (citing *Hopkins v. Cohen*, 390 U.S. 530 (1968); *Shinny v. Sullivan*, 915 F.2d 1186 (8th Cir. 1990)). Counsel further maintains that reasonable fees under 406(b) may even be awarded when there is no valid contingency fee agreement per Eleventh Circuit law. *Id.* at 10.

Next, Plaintiff's counsel asserts that a total 406(b) fees award of $52,680.25 (which includes the $35,618.50 previously received and the $17,061.75 now claimed) is "reasonable and is not a windfall." *Id.* at 10. He argues that he took on a risk in this case as he represented Plaintiff on a contingency basis, Plaintiff's case had already been handled by two prior representatives, and counsel had to "deal with the record perfected by other representatives who were from different firms." *Id.* at 11. He asserts that he spent 38 hours working on the case in 2020, which results in a de facto hourly rate of $1,386.32. *Id.* Counsel also emphasizes that he obtained "excellent results for the Plaintiff and his family." *Id.* He concludes that he "handled a complex case which already involved an almost 3,200-page transcript at the commencement of

the civil action in 2020, (Doc. No. 10), taking over from representatives from other firms, and ultimately achieving excellent results for the Plaintiff and his family." *Id.* at 12.

B. The Response [DE 43]

Defendant first explains that, while Defendant "is akin to a trustee in 406(b) determinations", his "role is limited to retaining an interest in the fair distribution of monies withheld for attorney's fees." [DE 43 at 1–2]. Because the real party in interest is Plaintiff's counsel, and due to Defendant's lack of resources, Defendant "continues to take no position on a properly filed petition for fees under 42 U.S.C. § 406(b), including the Second Petition here." *Id.* at 2. Defendant next asserts that there is "authority for Plaintiff's counsel to recover a reasonable fee under 42 U.S.C. § 406(b) for both Plaintiff and his children's benefits." *Id.* According to Defendant, "Plaintiff's and his children's benefits are considered in the same pot of past-due benefits for the purposes of a fee petition under 42 U.S.C. § 406(b) in this action. *See* POMS GN 03920.060B.2." *Id.* Defendant also maintains that there is also "authority for Plaintiff to file successive petitions based on a single contract with Plaintiff" and that the "Commissioner does not, as a matter of practice, typically object to successive filing of fee petitions on subsequent notices of award where the subsequent petitions are timely and reasonable, as with the Second Petitioner here." *Id.* at 3. Finally, Defendant defers to the Court's judgment as to whether the attorney's fees sought are reasonable. *Id.* at 4. However, Defendant "urges the Court to carefully consider whether this work merits a total award of $52,680.25." *Id.*

III. **ANALYSIS**

Pursuant to 42 U.S.C. § 406(b)(1)(A):

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to

which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). "Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's counsel may receive pursuant to the EAJA if the Commissioner's position before the Court was not 'substantially justified.'" *Highfield v. Kijakazi*, No. 19-cv-23803, 2022 WL 4449390, at *1 (S.D. Fla. Sept. 8, 2022), *report and recommendation adopted sub nom. Highfield v. Comm'r of Soc. Sec.*, No. 19-23803-CIV, 2022 WL 4448250 (S.D. Fla. Sept. 23, 2022).

However, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the Social Security claimant's past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). In this regard, "[f]ee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (citation, internal quotation marks, and alteration omitted). And, "[a]lthough an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). Regardless, under section 406(b), the Court must still review any fees yielded by a contingency fee agreement for reasonableness. *Gisbrecht*, 535 U.S. at 808–09.

Here, the Court has already found that Plaintiff is entitled to an EAJA award. *See* DE 23; 25. Necessarily implicit in such a finding is the corresponding finding that the Government's position was not substantially justified. *See* 28 U.S.C. § 2412(d). Thus, attorney's fees pursuant

to section 406(b) may be awarded by the Court in addition to any attorney's fees received pursuant to the EAJA. *See Highfield*, 2022 WL 4449390, at *1.

The question, then, is whether the $17,061.75 sought by Plaintiff's counsel tied to Plaintiff's minor children's past-due Social Security disability benefits and based on the contingency fee agreement is reasonable. On this matter, Plaintiff's counsel and Plaintiff entered into a "Federal Court 406(b) Fee and Cost Agreement" containing the following pertinent provision: "The Attorney and the Client both agree that the Attorney may charge 25% of retroactive benefits pursuant to Sec. 406(b) subject to approval by the Court, representing work done before the Federal Court." [DE 32-2]. In the Motion, Plaintiff's counsel has provided additional information and legal support regarding his reliance on the same contingency fee agreement in both the pending Motion and his previous Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) [DE 26], for which fees were already awarded. While the contingency fee agreement does not explicitly mention Plaintiff's minor children, Plaintiff's counsel in the Motion and Defendant's counsel in the Response have sufficiently established that the minor children fall within the ambit of the fee agreement, which permits counsel to charge benefits "pursuant to Sec. 406(b)." Further, a 406(b) award may be awarded even in the absence of a valid contingency fee agreement. *Thomas v. Astrue*, 359 F. App'x 968, 975 (11th Cir. 2010) ("Even though there was no valid contingency agreement in the present case, *Gisbrecht*'s principles should guide the district court in determining a reasonable § 406(b) fee.").

The Court has reviewed the time log of Plaintiff's counsel [38-7]. While the time log is identical to the time log filed with the previous Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) [DE 26-3], Plaintiff's counsel has

explained why the time logs are the same. To wit, Plaintiff explains that the award of benefits to Plaintiff resulted in an automatic award of benefits to Plaintiff's children, so no separate work was required. Further, Plaintiff's counsel claims he would have made one request for fees, but he could not because the notices of award were issued at different times, and counsel wanted to ensure that he could file timely fees petitions.

Next, the Court finds that the contingency fee agreement complies with 42 U.S.C. § 406(b)(1)(A), as the requested amount does not exceed 25% of Plaintiff's minor children's past-due benefits. Indeed, Plaintiff's counsel's request for $17,061.25 is appropriate under section 406(b), as the requested amount represents less than 25% of Plaintiff's minor children's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A). Moreover, even considering the entire award in the amount of $52,680.25, the Court finds that the amount requested is reasonable based on the character of the representation and the results achieved. *See Gisbrecht*, 535 U.S. at 808 ("Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."). In this particular case, the risk of litigation loss was high in light of the procedural history of the case. Moreover, the difficulty of the case was high given the facts of the case, the lengthy record, and counsel's appearance in the case after Plaintiff had already been represented by two other representatives. Further, the Court notes that Plaintiff's counsel Mark Zakhvatayev has been practicing law for 15 years and specializes in social security law. Further, the Court finds no delay on behalf of Plaintiff's counsel, and the Court does not find the requested amount large in comparison to the amount of time spent by counsel on the case. *See id.*

Finally, the Court notes that other courts have permitted high effective hourly rates similar to the $1,355.92 effective hourly rate sought in this case. *See, e.g., Galante v. Comm'r of Soc. Sec.*, No. 22-14281-CIV, 2023 WL 12011000, at *3 (S.D. Fla. Aug. 3, 2023) (permitting an effective hourly rate of $1,355.92); *Taggart v. Comm'r of Soc. Sec.*, 2021 WL 86809, at *2 (S.D. Fla. Jan. 11, 2021) (awarding a contingency fee that amounted to an attorney's fee of $1,630.50 per hour).

## IV. CONCLUSION

Based on the foregoing, the Undersigned United States Magistrate Judge **RECOMMENDS** that the United States District Judge enter an Order **GRANTING** the Amended Second Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) [DE 38], in the amount of $17,061.75.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 22nd day of April 2025.

WILLIAM MATTHEWMAN
United States Magistrate Judge